## C. C. ALLEN v. AMERICAN BEET SUGAR COMPANY.

FILED JANUARY 3, 1906. No. 14,082.

Directing Verdict. Although the evidence is uncontradicted, yet, if diverse inferences of fact are warranted thereby, the fact itself is for determination by the jury.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*Richard S. Horton*, for plaintiff in error.

*Frank H. Gaines, contra.*

AMES, C.

On the 9th day of August, 1902, the plaintiff in error, also plaintiff below, entered into a written agreement with the defendant, of which the following is a copy:

"We hereby agree to reserve for the American Beet Sugar Company warehouse space sufficient for storing 38,500 sacks of sugar until the 1st day of October next, at which time the American Beet Sugar Company will have the option of retaining or refusing to take all or any portion of said space, and will be entitled to hold for their use all the space they may then decide to retain, and for as long a period as they may desire, and we further agree to hold for the said American Beet Sugar Company an additional warehouse space sufficient for storing 40,000 sacks of sugar until the 1st day of November next, on the same conditions as noted above, except that the extreme length of time for the use of this latter space is limited to June 15, 1903. In consideration for our reserving the total warehouse space for 85,000 sacks of sugar as heretofore agreed, the American Beet Sugar Company agrees to pay us a total of $600, at the rate of $200 each for this and the succeeding months of September and October, due the 10th of each following month, and we agree to accept as full compensation one cent per sack per month for all sugar we may store under this agreement, except as noted below. And we further agree to store free of charge all sugar stored with us under this agreement, if the storage charges thereon at the rate noted above are less than $200 per month, but when the storage charges on sugar so stored amount to the monthly rental charges for reserving space, we would, from that date, cancel and waive all rights to any future monthly rental charges."

It is agreed by counsel that this agreement, so far as it has reference to any matter involved in this litigation, contemplated the use, for the storage purposes mentioned, of two buildings named, respectively, the "Barb Wire" and the "Creamery Package." It is further agreed that the former building had a storage capacity of or exceeding 20,000 sacks of sugar and the latter a capacity of or exceeding 40,000 sacks. It is agreed, too, that there were certain oral conversations and understandings between

the parties explanatory of and supplementary to the written contract, the purpose of which, in part, was that the rental value of the buildings was determined by the number of sacks of sugar they were respectively capable of holding, estimated at one cent a sack, but counsel disagree as to the application of this rule to the contract and transaction in question.  It is contended by the plaintiff that after the expiration of the option mentioned in the agreement the defendant was required to pay, during the time of the retention of the buildings by it, rental at the rate of one cent a sack computed upon the total storage capacity of the buildings, while the defendant contends that it was obligated to pay at the same rate, but only upon so many sacks as should be actually stored by it in the buildings, provided that the minimum rental of the "Barb Wire" building should not be less than $100 a month and the minimum rental of the other building should not be less than $200 a month.  Payments were made to an aggregate amount exceeding those sums respectively, but falling considerably short of the compensation required to equal the rate of one cent a month a sack upon the full capacity of the buildings.  This action is brought to recover the difference between the amount paid and the amount demandable according to the theory of the plaintiff.  The evidence consists of the written agreement, and of certain receipts for rent, and of the testimony of the plaintiff, at the conclusion of which the court directed a verdict for the defendant, and the plaintiff prosecutes error.

The testimony of the plaintiff is admittedly somewhat confusing and self-contradictory.  Some parts of it, if standing alone, would support his own contention, and some parts of it, separately regarded, would tend to support that of his adversary, and neither party accuses the other of intentional bad faith.  The plaintiff has not, apparently, a very clear idea or recollection of the conversations or of their purport, but the defendant has admittedly occupied the plaintiff's buildings under an agree-

ment for the payment of rent, the terms of which are not clearly ascertained or ascertainable from the evidence. If the burden of proof is upon the plaintiff to establish the contract sued upon, it is equally upon the defendant to establish the defense of payment. We are disposed to think that the whole matter, including the circumstances under which the conversations were had, and the manner in which payments were made and receipted for, and the conduct of the parties, should have been submitted to the jury for their determination of the intent of the parties and the ascertainment of the terms of the oral contract, as being a question of fact and the only matter really in dispute.

We therefore recommend that the judgment of the district court be reversed and a new trial granted.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.